2612 District of Nebraska David Russell v. Edward Anderson Mr. Healy we'll hear from you first Thank you your honor may it please the court Again, my name is Michael Healy and I represent the plaintiff appellant in this case David Russell Mr. Russell was involved in a car motorcycle accident back on August 9th of 2013 where the automobile operated by the defendant crossed the centerline and hit mr. Motor. Mr Russell's motorcycle the defendant admitted liability and the case went to trial on damages in the United States District Court for the District of Nebraska a Jury verdict was returned in the amount of seven thousand dollars in favor of mr. Russell Mr. Russell has appealed on several points seeking a new trial Due to several different legal errors There are four points presented in appellants brief I'm going to try and talk about two of those today and of course answer any questions that the court has the first point is that The diminished capacity claim asserted by mr. Russell was Inappropriately directed out of the case by the by the trial judge Halfway through the third witness at trial this the This was a basis for a new trial motion Obviously the new trial motion was denied the denial of a new trial motion is reviewed for an abuse of discretion however, when legal errors committed that is determined to be an abuse in this case the basis for the Adjudication of mr. Russell's diminished capacity claim was a judicial admission the court concluded that the plaintiffs interrogatory answers had Judicially admitted that he was not pursuing a diminished capacity claim The the Mr. Mr. Anderson's brief seems to have kind of dropped that point, but I'll touch on it nonetheless simply because It was a basis for the trial court's ruling Go ahead and touch on it, but you might want to get to the second and independent with the judge called second independent finding Since that seems to be where the appellee is defending the judgment Okay, certainly your honor Well, I'll just skip right to that point And rely on my brief for the judicial admission argument The You may handle it however you wish but I did want to make sure you get to the second will you have some time Certainly. Thank you the second point is that The district court required there to be proof of prior earnings In order to submit a diminished capacity claim and then he excluded the proof sought to be offered by the plaintiff As I said midway through the third witness at trial Nebraska law is very clear that there is a distinction between a lost income claim and a diminished capacity claim diminished Classy claim does not require proof of prior earnings Nevertheless, the court required that that was plain legal error and justifies a new trial Second of all, even if such earning capacity History was required the court prohibited us from presenting it He excluded or he struck the testimony of mr. Gresham who was a witness testifying about prior earnings Capacity, this was a man who knew mr. Russell both before and after the injury was in a position Talk about both his before and after earning capacity and the court Prohibited that testimony it did accept it that we were going to put out an offer of proof The judge said no just make it a proper Which we did but the bottom line is that On the one hand, he says well you have to put in this evidence and then the second In the same breath. He says well, but I'm going to prevent you from putting the evidence in Let me interrupt you When I looked at your initial disclosures You did not designate this witness as testifying about lost earnings or earning capacity You only identified him as a witness that was going to testify about the injuries your client suffered did you update or amend that initial disclosure and wouldn't that have been grounds for the court to exclude that testimony Without going back and looking at the procedural history, I can't answer the first part of that question But the second part of the question is mr Gresham was there to testify about the injuries to the plaintiff and describe the His ability to work before the injury and his ability to work after the injury and that's what mission Mr. Gresham started to do. He started doing that in the context of a Superintendent like mr. Well, in fact, mr Russell was earning as a superintendent ten thousand dollars per home prior to his injury But he couldn't he couldn't work at all in that capacity after the injury and that was the testimony that was Excluded I don't think that testimony is required to begin with in Nebraska The Nebraska Supreme Court has held that it is not required. But even if you were to determine that it was Mr. Gresham was adequate to testify about that. And of course there were other witnesses that we we that followed mr Gresham that would have also been able to testify about that But and we identified some of those in our proper of proof But again, the court had ruled that and struck him out out. So by the time mr. Russell, for example got to the stand that was no longer an issue and and You know it did at the case. He adjudicated the claim halfway through the third witness and that was plain legal error Counsel may I ask you in a little different tangent I Know you went past the first point, but you don't appeal after a jury verdict We assume everything favorable to jury findings you recite that properly So my question is if the jury really found here that all that was going on was some temporary pain Temporary stiffness and soreness and not anything else. Does this point matter in the end? It's almost even more than harmless. It's almost irrelevant His diminished capacity to earn income, but well, there's two components to this injury one is, you know What is the effect on his body and of his ability to earn income? The second one is what are his medical injuries and medical expenses and bills? we weren't even allowed to present the Diminished capacity claim the jury might very well have concluded that his inability to work justified additional damages that were separate and distinct from the medical bills and expenses and Surgical procedures that he had sustained in in the medical context of it, but So no, I don't think it's irrelevant at all I think it's it's incredibly important and it's part of Nebraska law quite honestly But this is a good segue into point number two I think which is at the medical evidence that was presented at trial Was undermined by the trial judge Specifically what I mean by that is dr Swain was the only health care provider that testified at trial plaintiff brought him to trial to explain the nature of the MRI films the Extent of the injuries and the permanency thereof. Mr. Healy. Yes, sir before you go in I gather you're going into the Instructions by the judge, but I wanted to ask one more question back on the earning capacity. Certainly You say that If the judge hadn't made this ruling You had other witnesses that you would have had testify about potential capacity. I think you just said that Yes, for sure, and you said that you didn't think what Gresham was going to say is even required true Did you make an offer of proof as to what these other witnesses would have said because I I read the judge to say that the earning capacity claim has to be based on more than speculation and he didn't think there was sufficient evidence to support and a finding on future earning capacity So I'm wondering whether you made a record as to what these other witnesses would have said Can we find that in the record or not? In the proper was certainly the key witness that would have been able to do that is plaintiff himself. Mr. David Russell And in the proper of proof we had we were in the midst of mr. Gresham's testimony, and I don't honestly remember whether I mentioned mr. Russell testifying to those same matters at that time or not The judge at that point in time Again midway through the testimony to Joe I asked the judge didn't kill the claim or do I still have life and he said no the claim is out And so at that point in time or from that point forward rather I Didn't pursue it because he ruled it out Well, I understand that but you can still make a record as to what you would have put on To show there was error. And so I'm just wondering how but we can look the record over and decide that ourselves you've answered as My question I think so go ahead if you want to talk about the instructions surely And this again is point to where the trial judge gave not one not two, but three spontaneous repetitive instructions during the testimony of plaintiff's causation medical causation experts Indicating that he being the doctor wasn't there that it's not up to the doctor and that it's not for the doctor to make this determination these these sua sponte Instructions completely undercut the credibility of dr. Swain and in fact, the only way that the jury can reach its verdict because the defendant stipulated that the injury shown on the MRI taken five days after the accident was present and Stipulated that it required surgery and that that surgery cost a hundred and some odd thousand dollars So the only way that the jury can come back with a seven thousand dollar verdict is to disbelieve every word that dr. Swain said Mr. Healy you indicate that this these instructions went and was a comment on your Doctor's credibility, but the judge never said anything about the the doctor's credibility in his instructions So how are you reading the instructions? He says it's up to the jury To determine approximate cause not the doctor. That's not an incorrect statement of laws It is up to the jury judge, but when a federal trial judge a Position of esteemed of great esteem Leans over the bench and looks down at the jury and says he wasn't there It is not up to him not one time but three different times in a row The jury gets the message that's why the law of this circuit is repetitive instructions, which unduly emphasize the point are prohibited and justify a new trial and That's what happened in this case You know you mentioned in your brief this off-the-record Chambers discussion What's there? I mean that's not in the record I guess but what what was The reference about the witness shutting up What prompted that what was he referring if you're claiming that's relevant to us well What what are we talking about there that the reason that there's some order previously that the witness couldn't say certain things or? What was the context? No, your honor. There was no order the the simple context was is that the witness had been on the stand For for a short while. I don't frankly remember how long the judge took a break He summoned the parties to his chambers at the break, and he was upset I don't really know why to be honest with you, but He was I've never experienced anything like it to be quite candid and and he was it demonstrates to this court that the judge had I think he had a proclivity or a Something regarding this this witness, but the point is is what I just wondered if something had happened in the court proceeding before the channels No, it was out of the blue and and judge I'm happy to answer more questions at this point in time But I've only got a minute 40 left for rebuttal and I'd like to reserve that unless the court has more questions for right now You may reserve. Thank you for your argument. Thank you Miss Hanson, we'll hear from you next. Thank you. May it please the court What both parties before you can agree on is that fairness and integrity are central to the proper functioning of our jury system? And in this case a fair trial is what mr. Russell received First he was allowed to put an evidence that was in line with his discovery responses Second, mr. Russell was not prejudiced by the court statement about what was in the purview of the jury Third the trial court properly excluded evidence on the lack of a citation given to mr. Anderson Finally the jury properly exercised its role as the finder of fact to determine that seven thousand dollars fairly compensated Mr. Russell for his injuries It is for the jury as a fire of the fact to resolve conflicts and evidence and to weigh the credibility Given to the testimony of the witnesses in this case. Obviously the jury did not believe. Mr Russell or dr. Swain's testimony about the nature and extent of mr. Russell's claimed injuries and Contrary to the assertion of mr. Russell. The jury was under no obligation to believe dr. Swain's opinions Nor was mr. Anderson under any obligation to offer evidence through his own witnesses to contradict the testimony of mr Russell or dr. Swain There was more than sufficient evidence for the jury to determine that he mr. Russell was not catastrophically injured as he claimed Given the break it is clear. The jury did not believe that. Mr. Russell had sustained a permanent injury, which is a prerequisite for finding loss of earning capacity And while we believe the court did not err in failing to instruct on loss of earning capacity Even if the court did err this error was harmless Here the jury had the benefit of dr. Swain testifying live in person as well as his written report exhibit 168 Fundamentally the three statements that the court gave during his during dr. Swain's direct about the purview of the jury Were correct statements of the law and while the instructions were substantially similar They did not place any undue emphasis on the credibility of dr. Swain Considering the record as a whole and I would like to start With the loss of earning capacity issue, which mr. Healy had talked about Russell claims he was denied a fair trial because he was unable to put in evidence regarding the past earnings through mr Gresham and when the court refused to instruct on loss of earning capacity As to the question asked by judge Williams, it is clear that the court properly excluded Mr. Gresham from testifying as the amount that he paid North Star not. Mr Russell in his pretrial disclosures Russell described Gresham as an acquaintance who would testify about his injuries in His deposition Russell described Gresham as a roommate federal rule of civil procedure 26 requires that a party timely supplement its responses If the party learns in some material respect that the disclosure or response is incomplete or incorrect Rule 26 decrease an affirmative obligation on the responding party to supplement its discovery responses In his in Russell's response to letters going back and forth about the discovery Russell stated that plaintiff does not have any specific dollar amount for the loss of earning capacity at this time At the point that Russell knew he was going to elicit the $10,000 amount for mr Gresham in some material respect his initial disclosures and his discovery responses were Incomplete and required supplement he did not supplement either his initial disclosures or his discovery Responses to disclose the $10,000 or that mr. Gresham was going to testify about anything, but the injuries As such the court was correct in excluding any specific dollar amount as there was no meaningful way for mr Anderson to prepare meaningful cross-examination The courts have been abundantly clear that the discovery response or discovery process is to allow litigants to conduct an informed cross-examination Second in this case the amount paid from Mr. Gresham to the North Star is not indicative of a loss of earning capacity because of the time frame The time frame was more than five years prior to the accident And while you don't have to put in wages at the time of the injury for a loss of earning capacity The Nebraska courts have said that what constitutes a reasonable time is up to the court and in this case Five years passed for amounts paid to a company not the individual were simply not relevant to a loss of earning capacity Claim because amounts paid to North Star the LLC are not synonymous with the wages and therefore were irrelevant to the matter at hand More importantly to recover for a loss of earning capacity a plaintiff must show there has been an impairment During the trial. Dr. Swain testified quote. I don't recall whether he had any official work restrictions placed Let me look my question. So no doctor has put him on any official work restrictions. Is that correct answer? I don't have any a record of that Question you didn't indicate any in your report. Isn't that correct answer? I did not put down any specific work restrictions at that point. I see in this case The jury clearly did not believe that he had any future damages They were instructed in jury instruction number 10 that they could award damages for the nature of an extent of the injury Including whether there was any permanent injury the reasonable value of medical Reasonably certain to be needed and provided in the future and the physical pain and mental suffering that the plaintiff was reasonably certain to experience in the future in Determining only seven thousand dollars of damages. Clearly the jury did not find any permanent injury As such any in this case any evidentiary Exclusion of the $10,000 Clearly did not influence or have any effect on the verdict in this case. Miss Hanson. Can I interrupt you for a moment? the the plaintiff says that he would have had other evidence of Lost earning capacity future earning capacity and he was prevented from doing that the judge never instructed the jury as to future earning capacity and So the jury really never had a fair shot at determining whether the evidence showed a lack of future earning capacity or not Here's my concern is I read these Erez's case if that's how you pronounce it Washington case My gut tells me that I can't imagine a jury determining future loss of earning capacity without some evidence of what That earning capacity would be either from past or future earning capacity some experts on estimates on something in there, but the plaintiff says and I'm reading these cases and they awfully they look awfully close to what he's saying is They don't have to that. They don't have to put on any evidence whatsoever of any financial numbers and the jury can Just come up with a loss amount for future earning capacity without such evidence how do you read these cases because He has a good point And I think what happens this court must reconcile two principles that have been set forth in Nebraska law First that damages for permanent impairment of birth future earning capacity may not be based on speculation Probability or uncertainty, but must be shown by competent evidence coupled with the other statement that proof of an actual loss of earning or wages is not Essential for the recovery of loss of earning capacity How I read the cases is that a plaintiff does not have to have an actual lost wages For a jury to award future damages for loss of earning capacity But there it must be based on some sort of competent evidence and I don't want to call the exercise academic But it is almost academic because if you look at the cases that were cited in the briefs For example, Washington which involved the wrestler who was a parole officer at the time There was evidence put in about the permanency of his injury as well as what a wrestling coach Would have earned Now in Washington though that was struck That evidence of what he would have earned was struck from the record And so the jury did not have that in front of them at the time That that's correct. They had attempted to put in that evidence What was struck was that a professional wrestler would earn a certain amount of money and the court said that That they did not have to take that into account but in other cases They really do offer the evidence as to past wages whether it was a welder from three years past Or whether it was being a nurse And in this case the only evidence that Russell was not allowed to put into evidence was the $10,000 Frankly, he was allowed to put in evidence on everything else that the court says you take into account on a loss of earning capacity Claim which is age, health, habit, Occupation, talent, skill, experience, training, and industry So he was not precluded in any way from putting in that other evidence either through himself or Dr. Swain Why why couldn't he get an instruction on it then? The court had in this case what I think is not in the record before you Once the court struck the claim during Gresham's testimony I believe it was incumbent upon the plaintiff to again ask for the jury instruction And he could have made an argument that look we don't have to have the $10,000. Here's everything else we can put into evidence And he could have brought that objection to the court to give the court time to to change its opinion and put in that instruction on loss of earning capacity particularly in light time Did the plaintiff at any time offer that kind of instruction at any stage of the game? You know proposed instructions or her memos or at any point? Yes, I was not before the in the record before this court The plaintiff did in his proposed jury instructions Which the defendant filed an objection to put in loss of earning capacity as a proposed jury instruction He did not reoffer it after the jury conference in which the judge said he was not going to Instruct on the loss of earning capacity, nor did he make an offer of proof During Russell's testimony about the loss of earning capacity. The only offer of proof was during Gresham's testimony on the loss of earning capacity Is there an implicit ruling by the judge rejecting the instruction? I Think what would have been implicit in the fact that in his proposed instructions The judge did not include a loss of earning capacity as one of the elements that the jury could have Considered and that's why you discuss it in the instruction conference and then you go on the record and you have an objection The plaintiff would have been given an opportunity to object to the proposed jury instructions and make a record of that That is not in the record before this court and Why wouldn't Mr. Healy's proposed instructions that you just described be in the record weren't they filed on the docket in the district court? His proposed jury instructions would have been I don't believe that the jury instruction conference When you go back onto the record and make a record of any objections I don't believe that that was transcribed and given to the court But but you said he made a proposal earlier in the case to which you objected Wouldn't that have been a written submission that was filed on the docket? Yes, that would have been okay Well, that would be in the record then. Yes before you run out of time. Could you address these instructions that were given about dr. Swain? You know, it's always the case of course under the law that the jury can Choose whether to accept or reject the expert, but I think the concern here is that the judge Emphasized with due respect to the doctor it's not up to him and it's not the doctor's decision and so forth and Query whether that signals something to a jury And I think there's a case that Yes, I think there's a case directly on point Woodring versus United States 311 as second 417 in which the court and talking about the judge said he clearly emphatically and at length and on a number of occasions pointed out that it was the sole responsibility of the jury to determine the credibility of the witnesses and The weight that should be given to their testimony in this case. That is what the court was doing It's not in your brief right counsel. I Don't recall if I cited Woodring in my brief or not. I mean the index. I'm pretty sure that go ahead It may not be It's not like the judge did this throughout the trial though. Apparently he did it three times with respect to one witness Sure, he did it three times with respect to one witness Dr. Swain and it was during his direct the first time was after dr Swain had testified that if you're standing in front of a chicken coop and your brother's holding a match He clearly was the person that lit the match the chicken coop on fire Therefore because there was an MRI that showed a herniation after the accident. It clearly correlated I objected to that statement and moved to struck it to which the court said it is up for you to decide In dr. Swain's testimony the direct The court overruled my objections 38 times to dr. Swain's testimony He only made a hundred and seventy one cop But the three statements that the plaintiff complains about is a hundred and seventy one words in the context of a four-and-a-half day jury Trial two of which occurred after my objections that the judge was sorry. Dr. Swain was engaging in a post hoc analysis We believe that overall that mr. Russell was given a fair trial And that is why we are asking this court to affirm the ruling below in the jury verdict. Thank you Judge Bettner judge Williams. Do you have any other questions? No, thank you. Very well. Thank you. Thank you for your argument. Miss Hanson Mr. Healy, we'll hear from you in rebuttal Thank you your honors I just want to touch on two points the first one has to do with the lost earnings or the diminished brings capacity claim and talk about the speculation aspect of it and how they're the How that relates to a diminished capacity claim when you look at the cases that were that talk about well Was the diminished capacity claim Speculative the basis for that is not was it speculated in the context of what was the plaintiff earning prior to the injury? But rather was it speculative with regard to the extent the degree of plaintiff's injury in other words Was there sufficient medical evidence to make the determination that the injury was going to affect plaintiff? You know into the future that is what not be speculative Nebraska Supreme Court has been clear that with respect to the requirement of a lost earning capacity Figure or dollar amount that that's special damages and is not required through that claim My second point that I'd like to make relates to the instructions given by the judge related to dr Swain you're exactly right It was three instruction and it given about a single witness during the testimony given on a single point That is medical causation as it's explained in our brief The only way for the jury to reach the verdict it did is to completely disbelieve. Dr Swain and for these reasons, mr Russell did not receive a fair trial and this court should reverse the district courts ruling Denying plaintiff's motion for a new trial. Thank you. What about the fact that the third instruction that you complain about concludes with the judge saying The physician can give you his opinion which you are entitled to accept reject in whole or in part Isn't that the bottom line and isn't that an accurate statement of the law in a vacuum your honor The legal part of it the legal, you know, is it up to the jury? Yes that that is correct But when you personalize it to the judge by repeating it I'm sorry when you personalize it to the witness by repeating it by saying things like he wasn't there. It's not up to him I know that I can't impart what it was like to be in that courtroom and how high above the jury that bench sits But It was it was prejudicial Well, thank you for your argument. Thank you to both counsel. The case is submitted and the court will file an opinion in due course Thank you are excused. You may either disconnect